## WADDELL vs. DELAPLAINE & CARTER.

The defendants, creditors of a bankrupt, believing that he possessed, and retained in his possession, or under his control, certain property not disclosed nor surrendered to the plaintiff, who was the official or general assignee in bankruptcy, and that proceedings in law or in equity might be necessary to enforce a delivery of such property, executed a bond to the plaintiff, conditioned to pay, or cause to be paid, all costs, fees and expenses which he should or might incur or sustain by reason of any such proceedings to be commenced by him, and to indemnify and save him harmless therefrom. In an action upon this bond the defendants pleaded *non est factum*, and also a special plea alledging that the plaintiff recovered and accepted from the bankrupt, and others on his behalf, money and choses in action of the value of $10,000, the property of the bankrupt, and the costs and expenses of the plaintiff's proceedings at law and in equity, and more than sufficient to pay all the legal expenses which he had incurred or paid, &c. To this plea the plaintiff replied that he did not at any time recover or accept from the bankrupt or from any other person, the costs of his said legal proceedings, or any money or choses in action as and for such costs. *Held* on demurrer, that the replication was sufficient.

DEMURRER to replication in an action of debt on bond. The declaration alledged that the defendants, on the 18th December, 1844, executed a bond, by which they " acknowledged themselves to be held and firmly bound unto the said plaintiff, the official or general assignee in bankruptcy, appointed and designated by the district court of the United States for the southern district of the state of New-York, under the rules and regulations of the said court, in the sum of one thousand dollars;" subject to a certain condition thereunder written, whereby, after reciting that John A. Moore, of the city of New-York, merchant, by a decree

Waddell *v.* Delaplaine.

of the district court aforesaid, made on the 17th March, 1843, "had been declared a bankrupt, pursuant to the act of congress, entitled 'An act to establish a uniform system of bankruptcy throughout the United States;' passed August 19, 1841, a copy of which decree, duly certified, had been delivered to the said William Coventry H. Waddell, [the plaintiff,] assignee as aforesaid. And that said bankrupt was believed to possess certain property not disclosed or surrendered to the said general assignee, but which said bankrupt still retained in his possession or under his control; and that certain proceedings at law, or in equity, on the part of the said assignee, might be necessary to enforce a delivery of the same, it was conditioned that if the said John F. Delaplaine and Wellington A. Carter, [the defendants,] their executors, administrators, or assigns, should, and did at all times thereafter, well and truly *pay, or cause to be paid,* all costs, fees of court and counsel, and legal expenses whatsoever, which the said *William Coventry H. Waddell, assignee as aforesaid,* should or might incur, sustain, or be put unto, or become liable to pay, on account or by reason of such proceedings at law or in equity, and should and did, at all times, well and truly protect, defend, and save, and keep harmless and indemnified the said William Coventry H. Waddell, his estate, property, effects, and representatives, from and against all such costs, fees of court and counsel, and legal expenses whatsoever, then the said obligation to be void; otherwise to be and remain in full force and virtue." The declaration also alledged that proceedings at law and in equity were taken on the part of the plaintiff, to enforce the delivery of certain property not disclosed or surrendered to him by the bankrupt, who retained it in his possession or under his control; and that the plaintiff had paid, for costs, fees of court and counsel, and legal expenses, for and by reason of those proceedings, $516,30. And in another count it was alledged that the plaintiff had incurred and become *liable to pay,* for costs, fees of court and counsel, and legal expenses, for, and by reason of, proceedings at law and in equity to enforce the delivery of property not disclosed or surrendered to him by the bankrupt, but by him retained in his possession or under his control, the

sum of $483,70. Notice and request to pay, and neglect and refusal, on the part of the defendants to do so, were averred. The defendants pleaded the general issue, and also a special plea, stating that the plaintiff, as such assignee as aforesaid, did recover and accept from the bankrupt, and from divers other persons, on behalf of the bankrupt, a large sum of money, and choses in action of the value of $10,000, the property of, and as and for the property of the bankrupt, " and the costs and expenses of the said alledged proceedings at law and in equity of the said plaintiff, and sufficient, and more than sufficient, to pay and satisfy all, and each, and every the alledged costs, fees of court, counsel and legal expenses whatsoever, which he, the said plaintiff, had incurred, sustained, and been put to, and had paid, or become liable to pay as in said declaration mentioned." To this plea the plaintiff replied, that he did not at any time recover or accept from the bankrupt, " or from any other persons or person whomsoever, the costs and expenses of the said proceedings at law and in equity of the said plaintiff, in the said declaration mentioned, or any part thereof, or any money or choses in action whatever, as, or for the costs and expenses of the said proceedings at law and in equity, or any part thereof, in manner and form as the said defendants" had alledged : and concluded by tendering an issue to the country. To this replication the defendant demurred, assigning the following causes of demurrer : 1. That the replication, although professing to answer, did not answer the whole of said plea. 2. That the replication was uncertain and double. 3. That it was not an answer to the plea. 4. That it tendered an immaterial issue. 5. That it was, in other respects, uncertain, insufficient and informal.

*C. S. Roe*, for the plaintiff.

*P. J. Joachimssen*, for the defendants.

*By the Court*, MITCHELL, J. Waddell was assignee in bankruptcy of John A. Moore, a bankrupt. The defendants executed a bond, reciting this fact, and that it was believed that Moore

---
Waddell v. Delaplaine.

---

possessed property not disclosed or surrendered by him to the assignee, and that proceedings at law, or in equity, on the part of the assignee, might be necessary to enforce a delivery of the property; and agreeing that the defendants would *at all times* thereafter, *pay* all costs, expenses, and counsel fees, which the assignee should incur, or be liable for, on account of such proceedings; and would always indemnify him against all such costs, fees, and expenses.

The declaration avers that proceedings were had at law, and in equity, on the part of the plaintiff, as such assignee, to enforce the delivery of property not disclosed or surrendered, and which Moore retained in his possession or control; and that the plaintiff has paid and sustained costs, fees, and expenses, on account of such proceedings, to the amount of $516,30.

The defendant pleads that the plaintiff, as such assignee, recovered from Moore, and other persons on his behalf, a large sum of money, as and for the property of said Moore, and the costs, and expenses of said proceedings; and more' than sufficient to pay all said costs, fees, and expenses.

The plaintiff replies, that he did not recover from Moore, or any other person, the costs, and expenses of said proceedings, or any part thereof, or any money, &c., as and for such costs, and expenses; and to this the defendant demurs.

The defendant insists, that the declaration is bad, because it does not alledge that the proceedings at law were necessary. The declaration shows, that the very reason why the bond was given, was, that the bankrupt did not disclose, nor surrender property in his possession: he, therefore was unwilling, voluntarily, to surrender it; and some proceedings at law, or in equity, would, under those circumstances, evidently be necessary to compel a disclosure of what was thus concealed. If on request the bankrupt would make a disclosure, no bond could be necessary to indemnify the assignee; but the creditor could save himself the responsibility, by making the request. When, therefore, the bond says, that certain proceedings. might be necessary to enforce a delivery, and that the defendants would pay the costs of all such proceedings, it substantially admitted, that some such

proceedings would be necessary, and threw on the defendants the burthen of alledging and proving that any particular proceeding was unnecessary, after the plaintiff alledges that expenses were incurred in proceedings at law and in equity, for the purpose intended. The admission is at least sufficient to make so much of a *prima facie* case, for the plaintiff, as to prevent the defendant from raising the objection, except by special demurrer.

The demurrer admits, that the plaintiff has not received the costs, and expenses of those proceedings; nor any money as and for such costs, and expenses; although he has received money, &c. the property of Moore, sufficient to pay such costs, and expenses—but not by means of those proceedings. In other words, the assignee has, in some way, unaided by the proceedings, which the defendants instigated him to adopt, recovered other property of Moore, the bankrupt: and these defendants say, that all such property must, when so received, be applied first to pay the costs of these particular proceedings. This assumes that a suit instigated by them, and which, it may be, that every other creditor of the bankrupt opposed, must be so favored, under the bankrupt law, that it should possess an equity superior to all other claims on the bankrupt's estate. The judge in bankruptcy is to pass on that question, and say how that estate is to be distributed. If he considers the proceedings judicious, he may, perhaps, allow these costs a preference; otherwise, he may refuse to allow them at all. The assignee is to sue and defend actions, subject to the orders and directions of such judge. (*Sect. 3 of Bankrupt Act.*) There is no evidence that the judge ever sanctioned these proceedings; and he may, therefore, refuse to allow the costs incurred in them. The bond did not require his previous assent, and may have been given that the defendants might be sure of having the proceedings taken, whether the judge would authorize them or not. If it is to be inferred that he did sanction them, or did not disapprove them because the assignee should be presumed to have acted rightfully, still the judge is to determine whether, under all the circumstances under which this bond was given, he will allow these costs a prior lien on the fund, to all other claimants. What the equities of other claim-

Bulkley *v.* Dingman.

ants may be, how many other bonds of a like kind there may be, or what other circumstances there are to determine who has the best claim on the fund, is not disclosed here. Under these circumstances the defense can not be sustained.

The defendants have agreed not merely to *indemnify* the plaintiffs—(then perhaps they might say he should wait until an actual loss was sustained)—but they also agreed, *at all times*, to *pay* all costs, and expenses, which he might incur. They therefore must pay him according to their agreement; and if they have any equity on the fund, the judge in bankruptcy will pass upon it.

Demurrer should be overruled with costs; with leave to the defendants to plead.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell,* Justices.]